```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
QUANDELL HICKMAN,                            :
                                             :
                    Plaintiff,               :      24-CV-2082 (RA) (OTW)
                                             :
          -against-                          :      ORDER
                                             :
C.O. ENDEAVER, et al.,                       :
                                             :
                    Defendants.              :
                                             :
                                             :
-------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

On September 26, 2024, the Court directed the parties to meet and confer and (1) file a proposed briefing schedule regarding the outstanding letter motion to stay discovery at ECF 22; (2) indicate whether the proposed stay should apply to Defendant C.O. Endeaver or just the three defendants subject to dismissal under the pending partial motion to dismiss; and (3) file a proposed 26(f) report on the docket if the proposed stay did not apply to Endeaver. (ECF 25).

To date, the parties have not responded to the Court's September 26 Order, and Plaintiff has not filed an opposition to Defendants' motion to stay discovery.

Under Federal Rule of Civil Procedure 26(c), upon a showing of good cause, a court may stay discovery. *See also*, *O'Sullivan v. Deutsche Bank AG*, 17-CV-8709, 2018 WL 1989585, at *3 (S.D.N.Y. April 26, 2018). A motion to dismiss may constitute "good cause," but a court must look to the particular circumstances and posture of each case in making such a determination. *Id.* at 3-4. Accordingly, Courts should consider (1) the breadth of discovery sought; (2) any prejudice that would result; and (3) the strength of the pending motion. *Id.* at 4.

1

Here, all three factors weigh in favor of granting Defendants' motion to stay discovery. At this early stage of the lawsuit, discovery has not yet started and the pending partial motion to dismiss would significantly reduce the scope of discovery. Similarly, a stay of discovery would not prejudice Plaintiff as "a delay in discovery, without more, does not amount to unfair prejudice." *Shulman v. Becker & Poliakoff, LLP*, 17-CV-9330 (VM) (JLC), 2018 WL 4938808, at *4 (S.D.N.Y. Oct. 11, 2018) (internal quotations omitted). Finally, Defendants have raised viable grounds for dismissing the Complaint as to three of the four defendants, including that it does not plead sufficient facts to state a claim for denial of medical care against the three defendants sought to be dismissed. (ECF 20 at 6).

Defendants have shown there is good cause to stay discovery for the three defendants subject to dismissal under ECF 19. However, Defendants have not shown good cause as to why discovery should be stayed for Defendant C.O. Endeaver. As explained above, the motion to dismiss only pertains to Defendants Grant, Johnson, and Nowlin. (ECF 20). Defendant C.O. Endeaver filed his Answer on August 26, 2024, (ECF 21), the same day that the partial motion to dismiss was filed. Defendants fail to explain why the stay should apply to Defendant C.O. Endeaver when he is not subject to dismissal and otherwise appears ready to move forward with the case.

Accordingly, Defendants' motion is **GRANTED in part** and **DENIED in part.** Discovery is hereby **STAYED** as to Defendants Grant, Johnson, and Nowlin only.

Plaintiff and Defendant C.O. Endeaver are directed to meet and confer and file on the docket a joint 26(f) report by **November 22, 2024.**

2

Defendants are respectfully directed to serve a copy of this order on Plaintiff.

The Clerk of Court is respectfully directed to close ECF 22.

**SO ORDERED.**

Dated: November 6, 2024
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

3